*1203 OPINION.
Muiídogk :
The petitioner has proceeded in this case as if the respondent conceded that the salaries in question were reasonable compensation for personal services áctually rendered, and only challenged. the deduction on the ground that no liability for the additional salary was incurred during the year 1918. The record does not show that the respondent ever conceded the first point, and any such concession in this case depends entirely upon whether or not such an inference is to be drawn from the explanation which he made in the deficiency notice. We think not, but our decision is based upon another point.
If the petitioner did not incur during the year 1918 a liability for the payment of the additional salaries in question, the determination of the Commissioner is correct. Brampton Woolen Co., 18 B. T. A. 1075. In the above case a statement was made which applies equally well in the present case:
We have repeatedly beld that a corporation may be bound by tbe informal action of its board of directors, but in order for tbe corporation to be so bound, it must affirmatively appear that definite action was in fact taken.
The petitioner contends that the additional salaries were authorized at an informal meeting of several of its directora in September, 1918. There were seven of these directors, two of whom are now dead. Two of the remaining five were called as the only witnesses in the case. B. W. Seiberling, whose salary is in controversy, was one of these two witnesses. The testimony in regard to the time that the meeting was held, the number and identity of the directors present, the discussion which took place, and the decision reached is vague and unconvincing. It is clear enough that there was some discussion among some of the directors about the salaries of the two Seiber-lings, and it also appears that the consensus in these discussions was *1204 that the salaries of these two men should be increased on account of the increased business and earnings of the corporation. It further appears that at some time, after a director by the name of Schwartz had been heard from, the amount of $10,000 was selected as a proper total compensation for each. However, it does not appear that Schwartz attended the informal meeting in September, 1918. Seiber-ling testified as follows:
Mr. Schwartz was the manager of our Chicago sales branch and I would say at that time he probably averaged two trips a month to the factory. This meeting would probably be held, and I should say it was on the occasion of one of those visits that Mr. Schwartz appeared. If it was held at such time, then be surely was there, and it was at that meeting it was decided definitely that our salary should be increased in January, that is the following January.
He further testified that it was decided in September that these salaries would be adjusted in January of 1919, effective in January of 1919. That is quite a different thing from authorizing the salaries in 1918. It does not appear that the absent directors ever knew of the September discussion or signified their approval of any decision others may have reached.
Following the informal meeting of September, 1918, there was a regular meeting of the board of directors on October 29, 1918, at which no action was taken regarding increased salaries. The resolution of the board of directors adopted at their meeting in January, 1919, makes no reference to any previous action. We are not convinced from the testimony that there was any action taken in 1918 from which the petitioner incurred any liability for the additional salaries. Mossman, Yarnelle & Co., 9 B. T. A. 45; Van de Kamps Holland Dutch Bakers, 2 B. T. A. 1247. Cf. Lucas v. Ox Fibre Brush Co., 281 U. S. 115.

Judgment will be entered under Rule 50.